

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable W. M. Tucker
County Attorney
Collingsworth County
Wellington, Texas

Dear Sir:

Opinion No. O-4559
Re: Legality of commissioners' court
purchasing bonds out of county
Permanent School Funds.

We acknowledge receipt of your opinion request of recent date and quote from your letter as follows:

"The Midway Common School District in this county desires to retire some bonds that are not subject to call before due date thereof, therefore, would it be permissible for the Commissioners' Court of Collingsworth County, Texas, to purchase said bonds and pay for same with County Permanent School Funds?

"Following your Opinion No. O-3621 of date August 21, 1941, I do not believe that such sale can be made without the consent of holder of said bonds."

The law applicable to the investment of the County Permanent School Fund is found in Article 7, Section 6 of the Constitition of Texas, and Article 2824, Revised Civil Statutes of Texas. Article 7, Section 6 of the Constitution reads, in part, as follows:

". . . Said lands, and the proceeds thereof, when sold, shall be held by said counties alone as a trust for the benefit of the public schools therein; said proceeds to be invested in bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the counties shall be responsible for all investments; . . ."

Article 2824, Revised Civil Statutes of Texas, reads, in part, as follows:

". . . the proceeds of any such sale shall be invested in bonds of the United States, the State of Texas, the bonds of the counties of the State, and the inddpenient or common school districts, road precinct, drainage, irrigation, navigation, and levee districts in this State and the bonds of incorporated cities and towns, and held by such county alone as a

trust for the benefit of public free schools therein, only the interest thereon to be used and expended annually. . . ."

Therefore, it is the opinion of this department that the Commissioners' Court has the power to invest funds belonging to the Permanent School Fund in the securities enumerated above. See Boydstun vs. Rockwall County, 24 S. W. 272.

It is also our opinion that your conclusion is correct in that the Commissioners' Court has no authority to purchase bonds prior to maturity date without the consent of the holder of said bonds. This department held in Opinion Number O-3821 that a school district has no authority to sell bonds prior to their maturity date against the will of the owner, in the absence of express stipulation therefor in the bonds. Citing State ex rel. Parker, Attorney General, vs. State School Fund Commission, et al, 103 Pac. (2) 801; 44 C. J. 1235; State vs. Keith, 66 Pac. (2) 1059; Brenham vs. German American Bank, 144 U. S. 173.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O. Boothman

Claud O. Boothman
Assistant

COB-s:egw

APPROVED MAY 4, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B W B
Chairman